IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **STORM TEAM CONSTRUCTION, INC.,** *Plaintiff*, v. **STORMZ USA, LLC,** *Defendant.* | Civil Action No: Judge: **COMPLAINT** **DEMAND FOR A JURY TRIAL** |

Plaintiff Storm Team Construction, Inc. ("Plaintiff"), by and through its attorneys at Taft Stettinius & Hollister LLC, for its Complaint against defendant Stormz USA, LLC ("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This is an action for infringement of Plaintiff's federally-registered trademark STORM TEAM CONSTRUCTION (word and design) (U.S. Registration Nos. 4291436; 4300455) and common law trademark rights associated with the same marks under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for substantial and related claims of trademark infringement under the common laws of the State of Florida, all arising from the Defendant's use of its trademark STORMZ USA. In particular, Plaintiff's storm reconstruction services

have been in the marketplace for over fifteen years using the trademark STORM TEAM CONSTRUCTION, and Defendant's recent launch of a directly competing storm reconstruction service under the trademark STORMZ USA is likely to cause consumer confusion. Plaintiff seeks permanent injunctive relief and an award of profits and actual damages, among other remedies, for Defendant's unlawful conduct.

## THE PARTIES

2.      Plaintiff Storm Team Construction, Inc. ("Plaintiff") is a Georgia corporation located at 4050 S US Hwy 1, Suite 303, Jupiter, Florida 33477.

3.      Since 2007, Plaintiff has offered and continues to offer various storm reconstruction services nationally, including but not limited to, building reconstruction and repair services, construction management, construction of residential and commercial roofing, general construction contracting, and other repair-related services, wherein they have exclusively used the trademark STORM TEAM CONSTRUCTION for which it has garnered considerable goodwill in and rights thereto.

4.      Upon information and belief, Defendant Stormz USA, LLC ("Defendant") is a Florida limited liability company having a principal place of business located at 300 Little Grove Lane, North Fort Myers, Florida 33917.

5.      Upon information and belief, in 2022, Defendant began offering storm reconstruction services that are identical to the services Plaintiff has offered for fifteen years, including but not limited to, general contractor services,

restoration contractor services, roofing contractor services, and water and mold mitigation contractor services.

## JURISDICTION AND VENUE

6. This action arises and is brought under the Lanham Act, 15 U.S.C. §§ 1125 and 1114, *et seq.* and Florida common law.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because the action arises under the federal Lanham Act, 15 U.S.C. §§ 1125 and 1114, *et seq.*

8. This Court has personal jurisdiction over the Defendant because the Defendant's principal place of business is located in this district.

9. This Court also has supplemental jurisdiction over Defendants pursuant to 28 U.S.C. §1367.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c)(2) because of this Court's personal jurisdiction over Defendant.

## FACTS

A. **Plaintiff's STORM TEAM CONSTRUCTION Trademarks**

11. Plaintiff was formed in 2007 and is headquartered in Jupiter, Florida. Plaintiff has offered storm reconstruction services nationally for more than fifteen years, the services of which are marketed, advertised, and promoted at the websites [www.stormteamconstruction.com](www.stormteamconstruction.com) and [www.stormteamusa.com](www.stormteamusa.com). Due to Plaintiff's longstanding use, Plaintiff is well-known in the storm reconstruction industry as a leading provider, representing a high quality of service in all respects.

12. Plaintiff is the owner of valid and subsisting United States Trademarks Registration Nos. 4291436 (word) and 4300455 (design) (the "STORM Marks") on the Principal Register in the United States Patent and Trademark Office ("USPTO") for *Building construction; Building construction and repair; Building construction services; Building construction, remodeling and repair; Building maintenance and repair; Construction and repair of buildings; Construction management; Construction of residential and commercial roofs, siding and gutters; General building contractor services; General construction contracting; Housing services, namely, repair, improvement, and construction of residential real property; Installing siding; Repair of buildings; Repair work on buildings; Residential and commercial building construction; Roofing consultation; Roofing contracting; Roofing installation; Roofing repair; Roofing services* in International Class 37 (collectively, "Plaintiff's Services").

13. The STORM Marks have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as **Exhibits 1 and 2** are true and correct copies of the registration certificates for Plaintiff's STORM Marks.

14. Plaintiff has used the STORM Marks in commerce throughout the United States continuously since at least as early as February 2007 in connection with Plaintiff's Services. Attached hereto as **Exhibits 3 and 4** are representative samples showing Plaintiff's use of the STORM Marks in connection with Plaintiff's Services.

15. Plaintiff is also the owner of considerable common law rights in the STORM TEAM CONSTRUCTION Marks through its continuous use in interstate commerce in connection with the provision of storm reconstruction services.

16. As a result of its widespread, continuous, and exclusive use of the STORM Marks to identify Plaintiff's Services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the STORM Marks.

17. As a result of its distinctiveness and widespread use and promotion throughout the United States, Plaintiff's STORM Marks are famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

18. Plaintiff's STORM Marks are distinctive to both the consuming public and Plaintiff's trade and storm reconstruction industry.

19. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting Plaintiff's Services sold and provided under the STORM Marks.

20. As a result of Plaintiff's expenditures and efforts, the STORM Marks have come to signify the high quality of Plaintiff's service offerings designated by the STORM Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

21. Plaintiff has scrupulously and successfully enforced and protected its STORM Marks against past infringements.

22. Upon information and belief, Defendant is engaged in the promotion and provision of services that are identical to Plaintiff's Services, that being, storm reconstruction services ("Defendant's Services").

23. Without Plaintiff's authorization, and upon information belief, beginning long after Plaintiff acquired protectable exclusive rights in its STORM Marks, Defendant adopted and began using the mark STORMZ USA (the "Infringing Mark"), a mark that is highly similar to Plaintiff's STORM Marks, in U.S. commerce.

**B.     Defendant's Use of its Infringing STORMZ USA Trademark**

24. Upon information and belief, Defendant is in the same industry as Plaintiff and provides identical services to those that Plaintiff offers and as registered in connection with Plaintiff's STORM Marks.

25. Upon information and belief, Defendant has conducted business in Florida wherein the advertising, marketing, promotion and provision of services largely occurs through its website at www.stormzusa.com, as well as via mobile advertising, marketing, and promotions through branded company vehicles and other branded items. Adding to the confusion, a side-by-side comparison of Plaintiff's and Defendant's branded vehicles are shown below, showing that Defendant's design and imagery used on its vehicles are highly similar to Plaintiff's:

[See following page]

| Defendant's Branded Vehicle | Plaintiff's Branded Vehicle & Other Branded Assets |
|---|---|
|  |  |

26. The Infringing Mark adopted and used by Defendant is confusingly similar to Plaintiff's STORM Marks. The dominant term of the Infringing Mark, STORMZ, is merely a misspelling of the dominant term in Plaintiff's STORM Marks.

27. Upon information and belief, Defendant has been engaged in the provision, advertising, marketing, promotion, offering for sale, and sale of storm reconstruction services using the Infringing Mark within the state of Florida and other locations nationwide. Attached hereto as **Exhibit 5** are true and correct sample representations, including screen captures from Defendant's website located at www.stormzusa.com, showing Defendant's use of the Infringing Mark.

28. Defendant's Services provided under the Infringing Mark directly competes with Plaintiff's STORM brand.

29. On January 13, 2023, Plaintiff's counsel sent a cease and desist letter to Defendant objecting to Defendant's use of the Infringing Mark.

30. To date, Defendant has only responded with a general comment that did not address Plaintiff's concerns, stating on January 13, 2023, "We are not in violation of your trademarks. Thanks."

31. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's storm reconstruction services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's Services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

32. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's STORM Marks, cause

confusion and deception in the marketplace, and divert potential sales of Plaintiff's Services to the Defendant.

33. Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
## Federal Trademark Infringement under 15 U.S.C. § 1114(1)(a)

34. Plaintiff repeats and realleges paragraphs 1 through 33 hereof, as if fully set forth herein.

35. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's Services, and is likely to cause consumers to believe, contrary to fact, that Defendant's Services are sold, provided, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the STORM Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

37. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

38. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF
### Federal Unfair Competition under 15 U.S.C. § 1125(a)(1)(A)

39. Plaintiff repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth herein.

40. Plaintiff owns all right, title, and interest in and to its STORM Marks, including but not limited to all common law rights in the mark that has existed since Plaintiff's first use of its STORM Marks at least as early as February 2007.

41. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's Services, and is likely to cause consumers to believe, contrary to fact, that Defendant's Services are sold, provided, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

10

42. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

43. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

44. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

46. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
### Federal Dilution under 15 U.S.C. § 1125(c)

47. Plaintiff repeats and realleges paragraphs 1 through 46 hereof, as if fully set forth herein.

48. Plaintiff's STORM Marks are distinctive and "famous" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

49. Plaintiff's STORM Marks became distinctive and famous prior to the Defendant's acts as alleged herein.

50. Defendant's acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous STORM Marks.

51. Defendant's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Plaintiff's STORM Marks by undermining and damaging the valuable goodwill associated therewith.

52. Defendant's acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

53. Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

**FOURTH CLAIM FOR RELIEF**
**Violation of Florida's Deceptive Trade Practices Act under**
**Fla. State. § 501.204(1)**

54. Plaintiff repeats and realleges paragraphs 1 through 53 hereof, as if fully set forth herein.

55. Defendant's conduct is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of its services.

56. Defendant's conduct is likely to cause confusion or misunderstanding as to its affiliation, connection, or association with, or certification by Plaintiff.

57. Defendant conduct is likely to cause irreparable injury to Plaintiff, its reputation, and goodwill. Plaintiff had no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Defendant.

58. Plaintiff is entitled to injunctive relief and actual damages against Defendant for its violations of Fla. State. § 501.204(1).

## FIFTH CLAIM FOR RELIEF
### Florida Common Law Trademark Infringement

59. Plaintiff repeats and realleges paragraphs 1 through 58 hereof, as if fully set forth herein.

60. Defendant's unauthorized use in commerce of the infringing STORMZ USA mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's Services, and is likely to cause consumers to believe, contrary to fact, that Defendant's Services are sold, provided, authorized, endorsed or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

61. Defendant's acts constitute trademark infringement in violation of Florida common law.

62. Defendant will continue such infringement unless enjoined by this Court.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all matters and issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

A.  That Defendant has violated Section 32 of the Lanham Act and Section 43(a) of the Lanham Act.

B.  Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

> a. engaging in any activity that infringes Plaintiff's STORM Marks;
>
> b. injuring Plaintiff's business reputation and goodwill associated with the STORM Marks and from otherwise unfairly competing, directly or indirectly, with Plaintiff;
>
> c. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's Services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or

      (ii) Plaintiff's Services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

   d. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the infringing STORM Marks or any other mark that infringes or is likely to be confused with the STORM Marks, or any services of Plaintiff, or Plaintiff as their source; and

   e. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (d).

  C. Granting such other and further relief as the Court may deem proper to prevent the public from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's Services.

  D. Directing Defendant to immediately cease all display, distribution, advertisement, marketing, promotion, sale, offer for sale and/or use of any and all materials that feature or bear any designation or mark comprising of or incorporating the Infringing Mark or any other mark that is a confusingly similar

15

variation or colorable imitation of the Infringing Mark, and to immediately remove them from public access and view.

  E. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

  F. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

  G. Awarding such other and further relief as the Court deems just and proper.

April 10, 2023

                */s/ Michael F. Jacobson*

|  |
|---|
| Michael F. Jacobson (FL Bar No. 979902)<br>mjacobson@taftlaw.com<br>TAFT STETTINIUS & HOLLISTER LLP<br>27777 Franklin Rd., Suite 2500<br>Southfield, MI 48034<br>Phone: (248) 727-1615<br>Fax: (248) 351-3082<br><br>*Pro hac vice pending*<br>Leon D. Bass (OH Bar No. 0069901)<br>lbass@taftlaw.com<br>TAFT STETTINIUS & HOLLISTER LLP<br>41 S. High Street, Suite 1800<br>Columbus, OH 43215<br>Phone: (614) 431-2277<br>Fax: (614) 221-2007<br><br>*Pro hac vice pending*<br>Kristin H. Hardy (OH Bar No. 99205)<br>khardy@taftlaw.com<br>TAFT STETTINIUS & HOLLISTER LLP<br>40 N. Main Street, Suite 1700<br>Dayton, OH 45423<br>Phone: (937) 641-2069<br>Fax: (937) 228-2816<br><br>*Attorneys for Plaintiff* |